UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL PARKER,

    Plaintiff,

v.

    Case No. 11-12198

    Honorable Patrick J. Duggan

SHERIFF TIM DONNELLON, UNDER
SHERIFF THOMAS BUCKLEY,
CAPTAIN BLISS, LIEUTENANT
BIONDO, SERGEANT SZELOG,
SERGEANT OLEJNHK SERGEANT
CZARNECKI, DEPUTY ROGER,
DEPUTY MCCAIN, DEPUTY WALKER,
DEPUTY RODRIGUEZ, DEPUTY
ORBINO, DEPUTY PORTER, DEPUTY
HIEDEN, DEPUTY BRYCE, DEPUTY
BOXSTANZ, DEPUTY BANOCH,
DEPUTY VANDENBOSCH, DEPUTY
BAYZO, DEPUTY ZUEHLKE, and
DEPUTY WAGNER,

    Defendants.
    _____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

On May 20, 2011, Samuel Parker ("Plaintiff"), a state prisoner currently confined at the St. Clair County Intervention Center in Port Huron, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated when Defendants put him on administrative lockdown, failed to follow proper procedure in doing so, and rejected his grievances. He also claims that Defendants had a retaliatory motive for keeping him in administrative lockdown. On June 20, 2011, while this case

was pending, Plaintiff filed a motion to amend or supplement his Complaint. In his motion, Plaintiff states that on May 22, 2011, he was released back into the general population. Plaintiff now claims that he has been wrongfully assaulted by another inmate and again placed in detention without due process. He seeks to amend or supplement the Complaint to add four new parties as well as additional claims.

The Court has granted Plaintiff leave to proceed *in forma pauperis*. The Court must dismiss any action brought by a plaintiff proceeding *in forma pauperis*, or certain actions filed by a prisoner, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court reads Plaintiff's Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accepts his allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

For the reasons stated below, the Court denies Plaintiff's motion to supplement his original pleadings. The Court dismisses as moot Plaintiff's claim concerning placement in administrative lockdown and summarily dismisses Plaintiff's remaining claims for failure to state a claim.

## I. Factual Background

In his original pleading, Plaintiff complains of events that allegedly occurred at the St. Clair County Jail. He alleges that on May 2, 2011, Defendant Szelog came to him and told him that he had two options - to either pack up his belongings and move, or to be put on administrative lockdown for failure to move. Defendant Szelog told Plaintiff that he

was being moved because he was causing problems and because another inmate had reported that he had a knife in his cell.  Plaintiff denied the allegations and was moved to administrative lockdown.  In his Complaint, Plaintiff sought removal from lockdown and placement back into the general prison population.  He claims that Defendants failed to follow proper procedure in moving him, that they rejected his grievances, and that they had a retaliatory motive for keeping him in administrative segregation.  The Court liberally construes Plaintiff's claims as implicating the First, Eighth, and Fourteenth Amendments.

In his motion to amend or supplement his pleadings, Plaintiff states that on May 22, 2011, he was removed from lockdown and released back to the general population.  He also claims that he was assaulted by another inmate, taken out of his unit, and placed in detention without a hearing.  Plaintiff claims that he has been in detention since June 4, 2011.  He seeks monetary damages and other appropriate relief.

## II. Plaintiff's Motion to Amend or Supplement Pleadings

On June 20, 2011, Plaintiff moved to amend his Complaint to add new claims against Defendants Czarnecki, Olejnhk, and Porter, and add as new Defendants Sergeant Stroh, Sergeant Hill, Sergeant Lebeau, and Turnkey Beauer.  The Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  The Rule allows a plaintiff to update his complaint with later-occurring events supporting his original claims.  *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991).  "The rule does not, however, allow a plaintiff to add new claims relating to new events [] involving not the original defendants but a whole new cast of characters.  In such

circumstances, leave to supplement should be denied, because there is 'no linkage' between the new allegations and those set forth in the original complaint." *Cage v. Harry*, No. 09-cv-512, 2010 U.S. Dist. LEXIS 29146, at * 3 (W.D. Mich. Mar. 26, 2010) (quoting *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993)). Plaintiff's new allegations involve new Defendants and are not linked to the events that are the subject of his original Complaint. In addition, because the claims sought to be added do not arise from the same transaction, occurrence, or series of transactions or occurrences, joinder of the new Defendants would violate Rule 20(a)(2). The Court therefore denies Plaintiff's motion to supplement his pleadings.

### III. Evaluation of Plaintiff's Complaint

#### A. Governing Law

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations, a plaintiff's obligation to provide [grounds entitling him to relief] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations and internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56, 127 S. Ct. at

1965 (citations and footnote omitted).

Because Plaintiff was released from administrative lockdown on May 22, 2011, his request to be released back to the general population is appropriately denied as moot. The Court will address each of Plaintiff's remaining claims in turn.

**B. Plaintiff's First Amendment Claim**

To the extent that Plaintiff alleges a violation of his First Amendment right to file a meaningful grievance for redress, claiming that Defendants failed to adequately respond to his concerns, he fails to state a claim. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. *Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 464-65, 99 S. Ct. 1826, 1828 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The prisoner's right is protected only if the grievances are not frivolous. *Herron*, 203 F.3d at 415. In addition, a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Thus, to the extent that Plaintiff is dissatisfied with Defendants' responses to his complaints or grievances, he has failed to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based

5

upon defendant's failure to investigate grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009).  It is clear that Plaintiff was able to use the grievance process.  He simply disagrees with Defendants' reasons for rejecting his grievance, which states no claim of constitutional dimension.

Plaintiff was not denied his right of access to the courts by Defendants' refusal to process his grievance, because a prisoner bringing a civil rights action in federal court is required to exhaust only his available administrative remedies.  *See* 42 U.S.C. § 1997e(a).  Thus, Plaintiff has failed to state a First Amendment claim.

## C. Plaintiff's Eighth Amendment Claim

Plaintiff has also failed to state a claim for violation of the Eighth Amendment.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 2399 (1981).  The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346, 101 S. Ct. at 2399).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347, 101 S. Ct. at 2399; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348, 101 S. Ct. at 2400 (citation omitted).  "Not every unpleasant experience a prisoner might endure while incarcerated

constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Plaintiff asserts that he was placed in administrative lockdown, but he has failed to plead the sort of conditions that give rise to a violation of the Eighth Amendment.

**D. Plaintiff's Fourteenth Amendment Claim**

For a prisoner to establish a due process violation concerning placement in administrative segregation, he must show that he suffered restraint which imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995)). Plaintiff has not alleged that he suffered any deprivation of liberty other than confinement in administrative lockdown. Moreover, a plaintiff has no constitutional right to be returned to the general population at the prison. *See McGaughy v. Johnson*, 63 F. App'x 177, 178 (6th Cir. 2003) (citations omitted). Plaintiff's allegations do not rise to the level of a constitutional violation, and therefore fail to state a claim under 42 U.S.C. § 1983. *See Mullins v. Smith*, 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998).

**E. Plaintiff's Retaliation Claim**

Plaintiff's related retaliation claim must be dismissed because it is conclusory and unsupported. "A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action

7

was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). However, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir.1987)) (omission in original).

Here, Plaintiff does not allege facts sufficient to conclude that Defendants' actions of placing him in administrative lockdown were motivated by constitutionally-protected conduct. Bare allegations of malice are insufficient to establish a constitutional claim. *Crawford-El v. Britton*, 523 U.S. 574, 588, 118 S. Ct. 1584, 1592 (1998). Plaintiff alleges that Defendants were motivated to retaliate against him, but such allegations are simply too attenuated to support a retaliation claim. Because Plaintiff has failed to allege both a set of facts that would support a claim of retaliation and a causal connection necessary to satisfy the Sixth Circuit's test for retaliation claims, his Complaint is subject to dismissal.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to supplement his Complaint is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's claim seeking release from administrative lockdown is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962);

*McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).  Thus, Plaintiff may not proceed without prepayment of the appellate fees and costs if he files an appeal.  28 U.S.C. § 1915(a)(3).

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2011

Copies to:

Samuel Parker
St. Clair County Intervention Center
1170 Michigan Road
Port Huron, MI 48060